Manly, J.
 

 The case does not disclose any error of which the appellant has a light to complain.
 

 The exception first in order, upon the admissibility of a conversation between the witness McCoy and defendant, is untenable. The point then, under investigation, was the alleged levy upon the slave on the 28th of January. McCoy testified that he saw the defendant go to the cabin where the woman was, about that time, and that he came thence to witness in the field, and engaged him to take the custody of her. The visit to the woman’s cabin, and the contract with the witness for the future care of her, were facts, fit and proper to be proved. The latter could only be proved by the words used between the parties, and the former would be shorn of much of its significance and weight, unless accompanied by the declarations explanatory of its object. The whole conversation, therefore, between defendant and witness McCoy, was competent as a part of the
 
 res gestee.
 

 The return of the constable, as endorsed on the executions, is evidence in his behalf — rebuttable by proofs to the contrary. It is made under oath- — is the memorandum of an official act, made in the appropriate place, and supposed to be contemporaneous with the act itself — and is, therefore, according to well settled analogies, evidence, of necessity. It
 
 *350
 
 is, in the ease before ns, as held by the Judge below,
 
 prima facie
 
 evidence.
 

 In this connection, another ground is suggested, upon which the conversation of the officer with the witness McCojr, is admissible. If it be rejected as a part of the
 
 res gestae,
 
 it is, nevertheless, admissible simply as hearsay, to corroborate the return, by showing that the officer has been uniform in the testimony he gives. This is in accordance with a well established exception to the general role excluding hearsay.
 

 The entire instruction given by the Court below, to the juiy, is free from any just ground of exception. The first branch of the instructions asked for, was properly refused, because it had already been substantially embraced in the charge. The Court is asked to declare, if the executions were in the officer’s hands, but not levied on the day named, the plaintiff would be entitled to recover, when they had just been told, that if the officer had the executions, or any of them, and levied on the day, and subsequently sold to satisfy, plaintiff would not be entitled,
 
 otherwise he would.
 
 This was sufficiently explicit, and excluded any idea that the defense would be made good, except by an execution
 
 levied
 
 prior to the date of plaintiff’s bill of sale.
 

 With respect to the second branch of instructions asked for, that is, that there was no evidence of the levy, save the return endorsed by the defendant himself, what has already been said touching the admissibility of the declarations of the defendant in the field, will show why it was proper to refuse this also. The declarations in question — the arrangement for keeping the woman and the contemporaneous visit to her cabin, were all proper to be considered in confirmation of the return.
 

 Per Curiam,
 

 Judgment affirmed.